Marvin Earl HARRIS, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent-Appellee.

No. 72–2668

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 15, 1972.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Before BELL, DYER and CLARK, Circuit Judges.

**PER CURIAM:**

Marvin Earl Harris, who appeals from the denial of habeas corpus relief, was convicted of a crime against nature upon trial by jury and was sentenced to a term of twenty years' imprisonment.

In this petition for federal habeas relief, the appellant alleged: (1) that he was denied effective assistance of counsel; (2) that he was denied a speedy trial; (3) that there was unnecessary delay between his arrest and the holding of a preliminary hearing; (4) that at his trial he was illegally interrogated concerning his prior convictions; (5) that he was subjected to an unconstitutional line-up; and (6) that the trial court improperly failed to include a lesser offense in its charge to the jury.

Harris pled guilty to kidnapping but not guilty to committing an act of sodomy upon the person kidnapped. During his sodomy trial, Harris took the stand and testified that his accuser had entered his automobile voluntarily. On cross-examination the prosecution confronted Harris with his guilty plea conviction for kidnapping as to this same incident. Assuming *arguendo* that this procedure was error at all, it was not error of constitutional dimension and was not cognizable in a federal habeas corpus proceeding.

The district court dismissed Harris' remaining claims on the ground that they had already been considered in a prior federal habeas corpus proceeding. The record indicates, however, that these allegations were raised in the habeas corpus action in which Harris collaterally attacked his *kidnapping* conviction. Therefore, the prior habeas ruling does not bar him from raising similar grounds in seeking relief from a sentence imposed after the separate trial and jury verdict on the crime against nature charge. These contentions must be considered on their merits. We intimate no view whatever as to the outcome of such consideration.

Vacated and remanded.